# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-846V**

|  |  |
|---|---|
| NADYA LAZAREV, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 25, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On May 19, 2025, Nadya Lazarev filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine on October 13, 2023. Petition at ¶¶ 1, 15. Petitioner further alleges that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *Id.* at ¶¶ 11-13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On March 23, 2026, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that,

> [the Division of Injury Compensation Programs] has concluded that [P]etitioner's alleged injury is consistent with a SIRVA as defined by the Vaccine Injury Table. Specifically, [P]etitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; shoulder pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination; pain and reduced ROM were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain [P]etitioner's shoulder pain. 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10). Additionally, based on the medical records outlined above, [P]etitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *See* 42 U.S.C. § 300aa-11(c)(1)(D)(i), -13(a)(1)(B).

*Id.* at 8.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
